## JOB ALLEN and GEORGE W. REID *v.* WILLIAM SPOON and others.

A sheriff is not entitled to any extra compensation for executing a "writ of ejectment," or, a "writ of possession." Sec. 21, chap. 105, subdivision 14, Bat. Rev., does not apply to such cases.

MOTION in the cause that extra compensation be allowed the sheriff, over and above his taxed costs, heard by *Tourgee, J.,* at Spring Term, 1874, of RANDOLPH Superior Court.

The plaintiffs heretofore had brought an action in the Superior Court of Randolph against the defendants to recover the possession of a certain tract of land in said county, and had obtained a judgment, upon which a writ of possession issued, which came to the hands of the sheriff of Randolph, and under which he turned the defendants out, and put the plaintiff in possession of the premises recovered.

The sheriff brought up an account for the sum of $113.35 for executing said writ, and removing the defendants' property from the premises to a house about a half a mile distant which was as convenient as any other house to the premises, where a daughter of defendant, Spoon, resided, and asked the Judge to allow the same and make an order for its payment by defendants as part of the costs.

24

His Honor being of opinion that the sheriff was entitled to said account for his services in executing said writ, made an order for its payment by defendants; with which ruling the defendants, being dissatisfied, excepted, for the reason that the law fixes the fees of the sheriff in all such cases and the Judge had no authority in law to make such order, and appealed.

*Gorrell,* for appellants.
*Mendenhall & Staples* and *Shipp & Bailey,* contra.

PEARSON, C. J. It is seemingly a hard measure that a sheriff should be out of pocket $113, as the price for learning how to execute " a writ of ejectment," or as we used to call it, " a writ of possession." But we can see no ground on which the Judge of a Superior Court can come to the relief of the sheriff and by an order in the case, require the defendant to pay for the *officious* acts of the sheriff, although the defendant had the benefit thereof.

It is a safe rule for ministerial officers to be governed by the words of the writ: " We command you, that without delay, you cause the said Reid & Allen to have possession," &c. In order to do this, it was necessary for the sheriff to put Spoon out of possession, and if he refused to go, compel him, by the *posse comitatus.*

The usual mode of proceeding when, as in this case, the defendant has much chattel property, is for the sheriff to notify him that on a day certain he will " eject him and put the plaintiff into possession;" thus giving the defendant reasonable time to have his chattels removed by his own wagon and team, with his wife and children to help, at a less expense than the sheriff could afford to do it for.

The only question is, does any statute allowing fees to sheriffs, cover the case? Chapter 105, Battle's Revisal, section 21, sub-division 14, does not apply, " seizing specific property, under order of a Court or executing any other order of a Court or Judge not specially provided for, to be allowed by the

Judge." Here there was no "seizing of specific property under an order of the Court;" that has reference to attachments and seizing under a summons for "claim and delivery," and the general words, "or executing any other order of a Court or Judge not specially provided for," cannot embrace executing a writ of ejectment, for that is specially provided for. Sub-division 26. "Service of writ of ejectment, one dollar," to say nothing of the incongruity of treating the writ of ejectment or writ of possession, which is the final process in all demands for the possession of land, as an order of a Court or Judge not specially provided for.

There is error. This will be certified.

PER CURIAM. Judgment reversed.